UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE WYATT JR.,

                Plaintiff,

-against-

DALLAS SHERIFF DEPT. OF DALLAS COUNTY,

                Defendant.

21-CV-10447 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff George Wyatt Jr., who is currently incarcerated in Huntsville, Texas, filed this action *pro se* without either paying the filing fees to commence an action in this Court or seeking leave to proceed *in forma pauperis* ("IFP").[1] Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Wyatt v. State of Texas*, No. 18-CV-00041 (S.D. Tx. Mar. 20, 2018); *Wyatt v. Dallas Sheriff Dep't*, No. 11-CV-115 (N.D. Tx. Feb. 25, 2011). Those orders relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action, his complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff appears to seek money damages in

---

[1] The Court will construe Plaintiff's submission as if he had filed an IFP application and prisoner authorization form.

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

connection with an allegedly unlawful conviction. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: December 8, 2021
       New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[3] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).